SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**JOSEPH H. HUYNH, DC #495403**
Assistant United States Attorney
Joseph.Huynh@usdoj.gov
405 E 8th Avenue, Suite 2400
Eugene, OR 97401
Telephone: (541) 465-6771
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 6:23-cr-00241-MC |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **DANIEL ENRIQUE MENDOZA-ARCHAGA,** | |
| **Defendant.** | |

Defendant Daniel Enrique Mendoza-Archaga was found with his co-conspirator Jorge Alvaranga-Enriquez with 1.6 kilograms of methamphetamine and 900 grams of carfentanil (a fentanyl analogue) and 1.3 kilograms of fentanyl in a gym bad in the trunk of their vehicle. The drugs located in the gym bag were bound for Portland, and the fentanyl located in the backpack was bound for Roseburg. A massive amount of very deadly drugs that could have led to the deaths of many individuals in those communities had it been distributed. Accordingly, the Government requests the Court sentence Mr. Mendoza-Archaga to low-end guideline sentence of 70 months' imprisonment and three years of supervised release.

**Government's Sentencing Memorandum**                                    **Page 1**

I.    **Factual Background**

In March 2023, a confidential source (CS) advised the Douglas Interagency Narcotics Team (DINT) that their friend was in communication with the defendant, Mr. Alvaranga-Enriquez, regarding drug transactions.  The CS explained that they were able to use their friend's phone to communicate via Facebook Messenger with Mr. Alvaranga-Enriquez.  The CS informed DINT that Mr. Alvaranga-Enriquez agreed to sell the CS ten ounces of fentanyl for $3,000.  Subsequently, on April 5, 2023, the CS and Mr. Alvaranga-Enriquez arranged to meet at the Days Inn motel in Roseburg, Oregon.  Later than evening, the CS advised that Mr. Alvaranga-Enriquez had just called and stated that they were passing Sacramento, California, and were traveling north to meet the CS.

On April 6, 2023, at approximately 2:00 a.m., the CS advised that Mr. Alvaranga-Enriquez said he was approximately 20 minutes away.  DINT detectives (hereinafter, collectively "Investigators") staged the meeting location area and at approximately 2:40 a.m., they observed a silver Toyota Camry enter the Days Inn entrance.  The vehicle was occupied by two males.  Mr. Alvaranga-Enriquez was in the front passenger seat and Defendant Daniel Enrique Mendoza-Archaga was the driver.  After parking the vehicle, Mendoza-Archaga exited the vehicle and appeared to be getting a motel room while Mr. Alvaranga-Enriquez remained in the vehicle.

During this time, at the direction of investigators, the CS contacted Mr. Alvaranga-Enriquez to confirm he was at the Days Inn.  When the CS called Mr. Alvaranga-Enriquez through Facebook, Mr. Alvaranga-Enriquez's phone lit up and he appeared to be talking on it.  During the call, Mr. Alvaranga-Enriquez advised that he was at the meeting location and asked the CS which room they were in.  The CS provided the room number.  Thereafter, Mr. Mendoza-Archaga entered the vehicle.

**Government's Sentencing Memorandum**                                                    **Page 2**

He then parked in a spot directly under the CS room number.  At this time, both Mr. Alvaranga-Enriquez and Mr. Mendoza-Archaga exited the vehicle and were detained.  When Mr. Alvaranga-Enriquez observed the marked patrol unit, he attempted to walk away at a brisk pace but was detained.

Investigators deployed a narcotics canine on the vehicle and the canine alerted to the presence of controlled substances.  In plain view, there was a box of plastic sandwich bags in the rear pouch of the front passenger seat.  After obtaining an Oregon state search warrant later that day, investigators searched the vehicle and located a gray shoulder bag on the rear passenger floorboard.  The bag contained a large Doritos chip bag containing approximately 30 small plastic baggies of fentanyl.  In total, the Doritos bag contained approximately 900 grams of fentanyl.  On top of the Doritos bag, there was a digital scale covered in powdery residue.  In addition, there was a box of unused plastic bags in the pouch behind the front passenger seat and a digital scale was in the center console.

In the trunk, there was a gray and navy drawstring bag containing a smaller black and neon green jogger backpack.  In the bottom of the drawstring bag, there were six bags of methamphetamine, which weighed approximately 1.6 kilograms, in total.  Inside of the jogger bag, there was a brick shaped package of fentanyl wrapped in yellow packaging with a "Donald Duck" sticker that weighed approximately 900 grams.  (Mr. Mendoza-Archaga advised investigators that the brick shaped package was carfentanil).  Also, investigators located a gray backpack in the trunk, which contained five plastic bags, each containing numerous smaller baggies of fentanyl.  The combined weight of the five bags was 1.3 kilograms of fentanyl.

Mr. Mendoza-Archaga initially took full responsibility and indicated that Mr. Alvaranga-Enriquez did not know about all the drugs in the vehicle, even though Mr. Alvaranga-Enriquez

**Government's Sentencing Memorandum**                                    **Page 3**

had coordinated the distribution to the CS.  He later changed his position and explained to law enforcement that Mr. Alvaranga-Enriquez had been involved at the planning stage.  The plan was for him to travel as far as Roseburg, but that Mr. Alvaranga-Enriquez and another individual would meet in Roseburg and bring some of the drugs to Portland, after obtaining more drugs.

II.    Guideline Computations

The following computation represents Mr. Mendoza-Archaga sentencing guidelines, based on his offense conduct:

| Enhancement | Government Position |
|---|---|
| Base—USSG § 2K2.1(a)(4) | 34 |
| Safety Valve (if applicable) | -2 |
| Zero Point Offender | -2 |
| Acceptance of Responsibility | -3 |
| Total Offense Level (TOL) | 27 |

Mr. Mendoza-Archaga's Criminal History Category is I and his advisory guideline range is 70-87 months.  The Government recommends a low-end guidelines sentence of 70 months.

III.    Government's Recommended Sentence

Applying the 3553(a) factors for this case and consistent with the plea agreement, the Government is recommending the Court a sentence at the low-end of the applicable guideline range.

A.  The Nature and Circumstances of the Offense

Defendant played a key role in conspiring to distribute deadly amounts of drugs in different cities in Oregon, feeding the addiction of others for profit.  The recommended sentence is sufficient to hold Defendant responsible for his actions but is not greater than necessary.

/ / /

/ / /

**Government's Sentencing Memorandum**                                                    **Page 4**

### B. Defendant's History and Characteristics

While Defendant does not have any criminal history score, he has had prior drug trafficking charge when he was 19 for possession with the intent to distribute cocaine and heroin. A warrant was issued for this charge.

Moreover, while on pretrial release, Defendant absconded from November 20, 2024, until his arrest in Texas on September 22, 2025. His actions undermine the Government's belief that he has been deterred by his actions. Accordingly, Defendant has earned a sentence at the low end of the guideline range.

### C. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense and Promote Respect for the Law

Defendant's trafficking in fentanyl and the even more deadly carfentanyl threatened to destroy not only its victims but also the families and communities connected to them. He compounded his crime by absconding on pretrial release.

### D. The Need for the Sentence to Afford Adequate Deterrence

This Court's enforcing of the recommended low-end guideline range would allow Defendant to take full accountability and responsibility for his drug trafficking and hopefully deter him from continuing to do so in the future, a message he apparently did not get when he was charged with drug trafficking 10 years ago or even in this case as he absconded to avoid accountability.

### E. The Need to Avoid Unwarranted Sentencing Disparities

Defendant conspired with Mr. Alvaranga-Enriquez to commit this offense. While Mr. Alvaranga-Enriquez was sentenced to 36 months' imprisonment, he did not abscond like the Defendant.

**Government's Sentencing Memorandum** **Page 5**

**IV.    Conclusion**

Based on the foregoing, the Government recommends that this Court impose a sentence of 70 months' confinement and three years of supervised release.

Dated: March 25, 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Joseph H. Huynh*
JOSEPH H. HUYNH
Assistant United States Attorney